UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF THE WEST, a California banking corporation,<br><br>        Plaintiff,<br><br>v.<br><br>HOLLAND & HART, LLP, a Colorado limited liability partnership; JEREMY J. NORK and DOUGLAS C. FLOWERS,<br><br>        Defendants. | CASE NO. 3:15-cv-00560-MMD-VPC<br><br>**STIPULATED PROTECTIVE ORDER** |



The parties agree and the Court so orders:

1.  The parties expect to produce certain documents that contain confidential and proprietary information ("Confidential Documents") that are not available for dissemination to the general public. The disclosure or release of this information to anyone could result in immediate and severe financial hardship or a violation of privacy obligations to third parties. Accordingly, the parties have agreed that this Protective Order may be entered by the Court for the purpose of protecting from disclosure certain Confidential Documents.

2.  The parties shall designate the Confidential Documents as confidential by typing, stamping, or otherwise affixing the words "CONFIDENTIAL" on such documents. Typing, stamping, or otherwise affixing the words "CONFIDENTIAL" on the first page of a multi-page document, or the first page of a collection of documents that are bound or attached together in any manner, shall have the effect of designating the entirety of the document as confidential. In the case of information not readily subject to page marking, a party may clearly designate in writing at the time of disclosure that such materials are "CONFIDENTIAL."

3.  The portions of the Confidential Documents that the parties agree to produce may be produced with redaction of non-responsive and privileged information. Production of documents shall not be construed as an admission that they are relevant or admissible for purposes of trial or

1  ruling on any dispositive motions.

2      4. Each party and all persons bound by the terms of this Protective Order shall use any properly designated Confidential Information provided to them pursuant to this Protective Order only for the purpose of prosecution or defense of this action, not for any other purpose or in any other action. Insofar as this Protective Order restricts the communication and use of the documents produced in this case, the parties (and any person who agrees to be bound hereunder) agree that they will abide by such orders after the conclusion of this litigation.

    5. Except with prior written consent from the producing party, their counsel of record, or the Court, Confidential Documents, or any information contained in Confidential Documents, may not be disclosed to any person other than the following:

    a. The United States District Court for the District of Nevada and any court having jurisdiction of any appeal of this case, as well as the Court's staff and such employees of the Clerk of the Court as directed by the Clerk or the presiding judge, provided, however, that such documents are to be marked Confidential pursuant to this Order and filed under seal pursuant to LR 10-5. Unless otherwise permitted by statute, rule, or prior court order, Confidential Documents filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with LR 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file Confidential Documents under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). Confidential Documents shall not be filed with the Court except when required in connection with matters pending before the Court;

    b. the parties' counsel of record;

    c. persons regularly employed or associated with the parties' counsel of record whose assistance is utilized by said counsel in connection with this case;

    d. the parties, including designated representatives for entity parties;

    e. insurers of the parties, and counsel for insurers of the parties;

       f.     Any mediator or a settlement conference judge assigned or retained to mediate this litigation;

       g.     Consultants and experts retained for the purpose of assisting the parties in preparation and trial of this matter;

       h.     Actual or potential trial or deposition witnesses in this matter, and the witnesses' counsel; and

       i.     stenographic reporters who are engaged in proceedings incident to the conduct of this action.

6.     Any person (other than the parties' counsel of record, counsels' employees, deponents (as set forth below), trial witnesses (as set forth below), the Court, or its employees) to whom these documents are to be disclosed shall first be advised by counsel making the disclosure that these documents are subject to this Protective Order. Any such person shall be given a copy of this Protective Order and must execute Exhibit A hereto. In the event that such person does not agree to execute Exhibit A, such person shall not be given the Confidential Documents or confidential and proprietary information contained in Confidential Documents. A deponent or trial witness may be shown Confidential Documents or given confidential and proprietary information contained in Confidential Documents during the course of questioning at his or her deposition or at trial. However, unless the deponent or trial witness executes Exhibit A, the deponent or trial witness may not be shown Confidential Documents or given confidential and proprietary information contained in Confidential Documents outside of his or her deposition or trial, and may not keep a copy of any Confidential Documents after the conclusion of his or her deposition or trial.

7.     Each individual who receives any Confidential Documents, or confidential and proprietary information contained in Confidential Documents, agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

8.     The parties' counsel may designate as confidential any portion of the transcript of any deposition at which a Confidential Document was marked as an exhibit or discussed. Such designation shall be given orally upon the record during the course of the deposition whenever

possible, but a party may designate portions of depositions as confidential after transcription, provided written notice of the designation is given to the other parties' counsel of record within 35 days after notice by the court reporter of the completion of the transcript. When an oral designation is made, the entire deposition shall be treated as confidential, pending transcription of the deposition. Thereafter, the parties' counsel shall designate on the transcribed deposition the portion or portions which involve the Confidential Documents and which shall be treated as confidential within 35 days of receiving same. The parties' counsel shall communicate, in writing, the designations to the other party's counsel. If no designations are made within the 35-day timeframe, the testimony and transcript will no longer be considered CONFIDENTIAL. Any party shall retain the right to challenge the designation of any part of a deposition transcript as confidential.

9. This Protective Order preserves the parties' ability to designate information as CONFIDENTIAL after a production or disclosure of the information has been made. If corrected, a failure to designate information as CONFIDENTIAL does not, standing alone, waive the producing party's right to secure protection under this Protective Order for such information. In the event of a production or disclosure of such information, the producing or disclosing party shall notify the receiving party of the designation of material as CONFIDENTIAL, and the receiving party shall thereafter treat such information as designated subject to the Protective Order, without waiving any right to challenge the designation of such material.

10. Neither party will be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so will not preclude a subsequent challenge thereto. A failure of either party to challenge a party's designation of a document or information as CONFIDENTIAL will not prejudice any party or person and will not constitute an agreement or admission that the designation is valid by reason of such failure to object. In the event, at any stage of the proceedings, any party to this action disagrees with the designation of any information as CONFIDENTIAL, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party challenging the confidentiality designation may apply for appropriate relief consistent with the practice standards of this Court within 14 days of the other party's final confirmation in writing that an informal resolution is not possible. The party seeking

1  confidentiality of the information shall have the burden of establishing that the information is
2  entitled to confidential treatment under Paragraph 1 of this Protective Order.
3      11.   Notwithstanding any other provisions of this Protective Order: (a) nothing herein
4  shall prevent disclosure if the party designating the information as "CONFIDENTIAL" expressly
5  consents to such disclosure, either in writing or in the record of any proceeding in this case, or if the
6  Court enters an order requiring or permitting the disclosure after notice to both parties; (b) any party
7  may use or disclose its own Confidential Information without limitation, and may use or disclose
8  information without limitation that was previously in its possession prior to receipt pursuant to the
9  Protective Order, or subsequently acquired from a source that is not subject to the Protective Order.
10     12.   Notwithstanding any other provision of this Order, the production of documents by
11 any party will not operate as a waiver of any common law or statutory privilege, protection, or
12 immunity applicable to those documents, including, but not limited to any attorney-client privilege,
13 work product protection, joint or common interest doctrine, information that is subject to protection
14 as trial preparation material, or that is protected from discovery by any other applicable privilege,
15 protection, immunity, law, or rules (collectively "Privileges"). If a party discloses, produces, or
16 makes available for inspection and copying information subject to any Privilege ("Disclosed
17 Privileged Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of
18 any claim of such Privilege applicable to such Disclosed Privileged Information or any related
19 subject matter, in this litigation or in any other court, administrative action, investigation, or legal
20 proceeding.
21     13.   Any party who realizes that it, he, or she has produced or received Disclosed
22 Privileged Information shall, as soon as practicable (i) notify, in writing, all other parties and/or
23 other persons producing or receiving such information that disclosure was made, (ii) identify the
24 document(s) disclosed, (iii) if it, he, or she is the producing party, make reasonable efforts to retrieve
25 all copies of and prevent further disclosure of the Disclosed Privileged Information, and (iv) if it, he,
26 or she is the receiving party, refrain from using or further disclosing the Disclosed Privileged
27 Information (including, but not limited to, using the information in depositions or a trial). Any
28 person or entity receiving notice that Disclosed Privileged Information has been produced shall,

within five (5) business days, return, destroy, or delete all copies of the Disclosed Privileged Information, as well as any abstracts, charts, memoranda, notes, summaries, compilations, or indices of same, and provide a representation of counsel that all such information has been returned, destroyed, or deleted. To the extent the claim of Privilege is disputed, the parties shall meet and confer to resolve any such dispute, and in the event such dispute cannot be resolved, the party receiving such information may promptly present the information to the Court, under seal, pursuant to the LR 10-5, and seek such further relief from the Court regarding the claim of Privilege. The party claiming the Privilege shall preserve the Disclosed Privileged Information until the claim of Privilege is resolved either by agreement of the parties or by the Court.

14. Within 42 days of the conclusion of this action, including any and all appeals, all Confidential Documents, and all copies thereof (hard copy or electronic), shall be either: (1) returned to the other party's counsel, or (2) destroyed, at the option of the receiving party, except that any documents or copies which contain or constitute, or which reflect, the receiving party's attorney work product or attorney-client privileged communications may be retained by counsel. Counsel is also entitled to retain court papers, deposition transcripts, and trial transcripts that may contain information related to Confidential Documents, provided they do not disclose the information related to the Confidential Documents or use it for any purpose unrelated to this action except as permitted by court order or agreement with the producing party. If requested, a party's counsel shall provide the other party's counsel with an affidavit stating that such Confidential Documents have been returned or destroyed.

15. Any confidential designation made in any manner provided herein shall constitute a representation by counsel to the Court that the designation is made in good faith and in the belief that the material so designated constitutes confidential material.

16. In the event a party receives a request to disclose or produce all or any part of the Confidential Documents pursuant to a subpoena or Order issued by a Court or governmental body, the parties hereby agree to immediately notify the other producing parties' counsel of the request or order.

17. Nothing in this Protective Order limits any of the parties from applying to the Court

for modification of, or relief from, this Protective Order, or for such further or additional protective orders as the Court may deem appropriate. The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court regarding issues addressed herein.

18. This Order shall be binding upon the parties, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, employees, agents, independent contractors, and other persons or organizations over which they have control.

19. Nothing herein shall impose any restrictions on the use or disclosure by any party or any witness of documents or information obtained lawfully by any party or any witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained from Plaintiff or Defendants, as the case might be, in this action. Nothing in this Order shall prevent a party or non-party from using or disclosing its own documents or information for any purpose, regardless of whether they are designated as Confidential Documents under this Order. Nothing in this Order shall prevent a party from disclosing information to any person who authored, or who otherwise lawfully received or possessed such information, including, without limitation, for purposes of obtaining additional discovery from that person.

20. After termination of this litigation, the provisions of this Order shall continue to be binding unless otherwise ordered by the Court. This Court retains and shall have jurisdiction over the parties and recipients of Confidential Documents for enforcement of the provisions of this Order.

IT IS SO STIPULATED.

DATED this 25th day of March 2016.

GREGORY F. WILSON & ASSOCIATES PC

*s/ Jeffrey S. Einsohn*
Gregory F. Wilson, Esq.
Jeffrey S. Einsohn, Esq.

Attorneys for Plaintiff Bank of the West

WHEELER TRIGG O'DONNELL LLP

*s/ Carolyn J. Fairless*
Michael L. O'Donnell, Esq.
Carolyn J. Fairless, Esq.

and

ERICKSON, THORPE & SWAINSTON, LTD.

*s/ John A. Aberasturi*
John A. Aberasturi, Esq.

Attorneys for Defendants Holland & Hart LLP, Jeremy Nork, and Douglas C. Flowers

IT IS SO ORDERED:

_____
United Stated Magistrate Judge

DATED: March 29, 2016

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada in case number 3:15-cv-00560-MMD-VPC. I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____